**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

CHRISTOPHER EVERETT,
ADC #152664                                                    PLAINTIFF

v.                              3:20CV00176-DPM-JTK

CANTRALL, et al.                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge D. P. Marshall Jr.   Any party may serve and file written objections to this recommendation.   Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.      Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any Documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

Plaintiff Everett is state inmate confined at the North Central Unit of the Arkansas Division of Correction (ADC), who filed this pro se lawsuit pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's Motion to Proceed in forma pauperis on July 1, 2020, and directed him to submit an Amended Complaint. (Doc. No. 3).

Having reviewed Plaintiff's Amended Complaint (Doc. No. 5), the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

II.    **Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.    28 U.S.C. § 1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.    See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).    An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.    Haines v. Kerner, 404 U.S. 519, 520 (1972).    The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.    Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009), citing Twombly, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   Twombly, 550 U.S. at 556-7.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."   Id.

## III.    Facts and Analysis

In his Original Complaint, Plaintiff complained about four different disciplinary situations/incidents which involved several different Defendants. (Doc. No 2) In the July 1, 2020 Order, the Court directed him to file a short Amended Complaint which "sets forth one claim" against the named Defendants involved. (Doc. No. 3, p. 3) In his Amended Complaint, Plaintiff complains that on May 11, 2020, the disciplinary hearing officer Defendant Waddle ordered Plaintiff to leave the courtroom because Plaintiff advised him he did not understand what Waddle told him. (Doc. No. 5, p. 6) Plaintiff states Defendant Cantrall then forged a waiver on the hearing form without Plaintiff's permission and denied his right to a fair hearing. (Id.) Plaintiff also named as Defendants Justin Peters, Warden Faust, Vicky Cox and Dexter Payne, who all accepted the waiver and denied his disciplinary appeals. (Id.) Plaintiff asks for damages and expungement of his record.

The Court finds that this case falls within the context of Edwards v. Balisok, 520

U.S. 641 (1997), and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).   In <u>Balisok</u>, the Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits.   The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings.   <u>Id.</u>, 520 U.S. at 645.   The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time.   In the earlier case of <u>Heck v. Humphrey</u>, <u>supra</u>, the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court.   <u>See</u> <u>also</u> <u>Sheldon v. Hundley</u>, 83 F.3d 231 (8th Cir. 1996).

In this particular case, Plaintiff asks for money damages and expungement of his disciplinary conviction. Based on this request, the Court construes this as a challenge to both the disciplinary procedure and the results. He specifically alleges that Defendants violated his due process rights when they ordered him to leave the disciplinary hearing and forged his signature on a waiver form. In his Original Complaint he also asked for restoration of his good time, lost privileges, and class. (Doc. No. 2, p. 10) The Court finds

this challenge to both the results and procedures used in the disciplinary hearing would necessarily imply the invalidity of the violation and resultant punishment.   Therefore, the Court finds that Plaintiff's complaint should be dismissed pursuant to <u>Heck</u>, and <u>Balisok</u>, and that he may reassert his claim for damages in a subsequent § 1983 action if his disciplinary conviction is invalidated by a state tribunal or federal court.

## IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Amended Complaint be DISMISSED without prejudice to his right to reassert his claim should his disciplinary be invalidated by a state tribunal or federal court

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). [1]

3.      The Court certify that an <u>in forma pauperis</u> appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[1] The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." <u>See</u> <u>Patton v. Jefferson Correctional Center</u>, 136 F.3d 458, 462-64 (5th Cir. 1998).

IT IS SO ORDERED this 20th day of July, 2020.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE