IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHRISTOPHER EVERETT
ADC #152664                                                                                PLAINTIFF

v.                              No. 3:20-cv-176-DPM

CANTRALL, Disciplinary Officer, NCU;
JUSTIN PETERS, Appeals Officer, NCU;
NURZUHUL FAUST, Warden, NCU;
DEXTER PAYNE, Director, ADC;   VICKEY
HAYCOX, Executive Assistant, ADC;
TERRIE BANISTER, Disciplinary Hearing
Officer, ADC;   KEITH WADDLE, Disciplinary
Hearing Officer, ADC;   and DOE, Disciplinary
Hearing Administrator ADC                                                      DEFENDANTS

ORDER

On *de novo* review, the Court partly adopts the recommendation, *Doc. 6*, and partly sustains Everett's objections, *Doc. 7*. Everett claims that Defendants denied him procedural due process by forging a waiver form and excluding him from his disciplinary proceeding. The Court agrees that Everett can't pursue compensatory damages or expungement for this alleged due process violation. *Edwards v. Balisok*, 520 U.S. 641 (1997). Those types of relief both necessarily suggest that Everett was harmed because the result of Everett's disciplinary proceeding was invalid. Those claims are therefore dismissed without prejudice.

Not all types of relief would necessarily imply that Everett's disciplinary conviction and punishment were wrong, though. For example, an award of nominal damages or prospective injunctive relief for the claimed procedural violation—excluding Everett from the hearing—would not necessarily imply that the hearing's result was wrong. This would be a claim "for using the wrong procedures, not for reaching the wrong result[.]" *Heck v. Humphrey*, 512 U.S. 477, 482–83 (1994); *see also Carey v. Piphus*, 435 U.S. 247, 266 (1978); *Edwards*, 520 U.S. at 648. Though they are not precedent, some unpublished cases from other Circuits make this distinction. *Cox v. Clark*, 321 F. App'x 673, 676–77 (9th Cir. 2009) (unpublished memorandum opinion); *Collier v. Dragoo*, 153 F.3d 726 (10th Cir. 1998) (unpublished *per curiam* opinion). Construing Everett's complaint liberally, he may therefore proceed with his due process claim for those limited forms of relief. The Court returns the case to the Magistrate Judge for further proceedings.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

17 August 2020